USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KAITLIN KRAUSE,

                Plaintiff,

    -against-

MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC., et al.,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

10 Civ. 2603 (RMB) (JLC)

(ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

By letter dated September 28, 2010, counsel for Defendants requests a pre-motion conference regarding a proposed motion to compel an additional 7 hours of deposition testimony from Plaintiff Kaitlin Krause. By letter dated October 1, 2010, counsel for Plaintiff contends that Defendants have failed to show good cause for the relief sought, and is thus willing to make Plaintiff available for only 2 additional hours for a continued deposition.

As a threshold matter, the pre-motion conference is waived. Defendants have submitted a 3 and ½ page, single-spaced letter in support of their proposed motion. Plaintiff, in turn, has responded with a 3 page, single-spaced letter of her own. These letters set out sufficiently the arguments and factual support for the parties' respective positions. It is thus not necessary to go to the time and expense of a pre-motion conference and more formal motion papers given the record that has already been presented to the Court.

On the merits of the dispute, Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." In addition, "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other

USDC SDNY
DATE SCANNED 10/7/10

circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). However, the rule requires that "a party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." Carmody v. Vill. of Rockville Ctr., CV-05-4907 (SJF) (ETB), 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) (citations omitted). The determination as to whether good cause exists is "fact specific." Id. (collecting cases).

After a careful review of the parties' arguments, the Court finds that Plaintiff's deposition should be continued for an additional 4 hours and 30 minutes. This length is the midway point between the amount of time sought by Defendants (7 hours) and that offered by Plaintiff (2 hours). A compromise befits these circumstances. Defendants have established at least some good cause for additional time based on the need to have spent time at the initial deposition inquiring into the adequacy of Plaintiff's document production. In addition, Plaintiff produced documents and medical records after her deposition that Defendants are entitled to ask her about. That said, Defendants acknowledge that they chose to use significant time during the deposition to explore potential discovery deficiencies rather than focus on the factual bases of Plaintiff's claims, and they did so with no guarantee of a future deposition.

In the Court's experience, it is not that unusual for a plaintiff in an employment discrimination case to be deposed for more than one day, and in this case, with multiple causes of action, it is appropriate to do so (and by agreeing to at least some additional time, counsel for Plaintiff acknowledges as much). While depositions can be difficult experiences for any witness, and especially for a plaintiff in a case such as this one with such sensitive allegations, they are

ultimately an integral part of the litigation process and sufficient time must be provided to complete them fairly.

In sum, Defendants shall have an additional 4 hours and 30 minutes for Plaintiff's deposition. As requested by counsel for Plaintiff, prior to the continued deposition, Defendants must confirm that they have received all of Plaintiff's requested medical records before the continued deposition occurs.

**SO ORDERED.**

Dated: New York, New York
October 6, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by ECF to the following:**

Michael Thomas Cornacchia, Esq.
Patricia A. Dempsey, Esq.
Eliza Allan Kaiser, Esq.
Katrina Lynne Baker, Esq.
Kevin Bruce Leblang, Esq.

Hon. Richard M. Berman

3